IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M. ROBERTA FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 18-cv-01123 |
| ) | |
| BELLEVILLE AREA COMMUNITY COLLEGE ) | |
| DISTRICT NO. 522, BOARD OF TRUSTEES ) | |
| OF BELLEVILLE AREA COMMUNITY ) | **JURY TRIAL DEMANDED** |
| COLLEGE DISTRICT NO. 522, and ) | |
| SOUTHWESTERN ILLINOIS COLLEGE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, M. Roberta Fuller ("Fuller"), by and through her attorney John Stephen Brubaker of the Law Office of Van-Lear P. Eckert, PC, and brings this action to redress injury done to her by Defendants Belleville Area Community College District No. 522 (the "District"), the Board of Trustees of Belleville Area Community College District No. 522 ("the Board"), and Southwestern Illinois College ("SWIC"), and in furtherance thereof, states as follows:

**Nature of the Action**

This action is brought to remedy age discrimination, a failure to accommodate a disability, and for discriminatory treatment on the basis of Plaintiff's disability, cataracts, in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq*. ("ADA"), the Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §§ 701 *et seq*; the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621-34; as well as for violations of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/.

**Parties**

1. Plaintiff M. Roberta Fuller is a citizen of the United States and a resident of Madison County, Illinois. Plaintiff has a disability, cataracts, that impairs her vision while driving at night and duing rainstorms. Plaintiff is a "handicapped/disabled individual" within the meaning of 29 U.S.C. § 706(8) and a person with a disability under the ADA and the IHRA.

2. Defendant Belleville Area Community College District 522 was and still is a political subdivision and a unit of local government, organized and existing under the laws of the State of Illinois, more particularly, under the Public Community College Act, 110 ILCS 805/1-1, *et seq.*, which, through the Board, operates, manages, and directs a Community College located in the Southern District of Illinois named Southwestern Illinois College.

3. Defendants are recipients of federal financial assistance within the meaning of the Rehabilitation Act through various federal educational assistance programs, and thus are covered by Section 504 of the federal Rehabilitation Act of 1973.

4. At all times relevant to the allegations described herein, the District and SWIC employed fifteen (15) or more employees.

5. At all times relevant to the allegations described herein, the District and SWIC were the employers of Plaintiff, the employee.

**Jurisdiction and Venue**

6. This action arises under the laws of the United States. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over the IHRA claims because the facts underlying the federal claims also give rise to claims under Illinois law, 775 ILCS 5/ (Illinois

Human Rights Act).

8. This Court has personal jurisdiction over Defendants because they conduct business in the state of Illinois, and are political subdivisions and/or units of local government organized by and existing under the laws of the State of Illinois.

9. Venue is proper in that the unlawful practices alleged below were committed within the State of Illinois. Accordingly, venue lies in the United States District Court for the Southern District of Illinois under 28 U.S.C. § 1391(b).

**Administrative Exhaustion of ADA, ADEA, and IHRA Claims**

10. Plaintiff was and currently still is being refused an accommodation when she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 7, 2017.

11. The EEOC issued a Right to Sue Letter on Plaintiff's ADEA claims on May 8, 2018 giving Plaintiff ninety (90) days to commence a civil action against Defendants in federal or state court. (Exhibit A).

12. The United States Department of Justice, Civil Rights Division ("DOJ") issued a Right to Sue Letter on Plaintiff's ADA claims on May 8, 2018 giving Plaintiff ninety (90) days to commence a civil action against Defendants in federal or state court. (Exhibit A).

13. Plaintiff commences this action on May 16, 2018, within 90 days of the EEOC's and the DOJ's issuance of a Right to Sue letter.

14. Although, presumably due to severe budget cuts and a correspondingly overly-burdensome caseload, the Illinois Department of Human Rights ("IDHR") has yet to issue Plaintiff its own right to sue letter, where multiple administrative remedies exist and at least one

is exhausted, Illinois Courts have allowed plaintiffs to proceed without exhausting every single administrative remedy. *Castaneda v Illinois Human Rights Commission*, 132 Ill. 2d 304, 308-09 (1989).

### Facts Common to All Counts

15. Plaintiff is seventy-eight (78) years old, and has worked as a Switchboard Operator at SWIC for eighteen (18) years, formerly at their Granite City, Illinois location.

16. At all times relevant to the allegations herein, Plaintiff has been qualified for her job, has never had any performance issues, and has generally been praised for her work.

17. Ms. Fuller lived and still lives one (1) block away from SWIC's Granite City location, and could either drive around the block or walk in order to get to work.

18. On June 29, 2017, Dr. James Riha, SWIC's Chief Information Officer, sent Plaintiff a communication stating that her work location was being moved to SWIC's Belleville campus, about twenty-eight (28) miles away, starting on July 13, 2017.

19. Plaintiff is unable to drive under certain conditions due to her disability: cataracts.

20. Ms. Fuller requested an accommodation on July 12, 2017, asking to remain in Granite City due to driving restrictions created by her disability. SWIC refused to grant Plaintiff's accommodation request.

21. Ms. Fuller then got a letter from her optometrist on July 14, 2017 stating that she should not drive when headlights or street lights cause extra glare (when it is dark or raining), and delivered the letter to SWIC on that same day.

22. Furthermore, Ms. Fuller's peripheral vision is permanently restricted by her disability. Although her condition does allow her to drive during the day, driving long distances

is not advisable.

23. Plaintiff supplied SWIC with the above-referenced doctor's note on July 16, 2017, again asking for an accommodation, and SWIC again refused to provide an accommodation, but did not specify why Plaintiff's work needed to be done in Belleville as opposed to Granite City.

24. Ms. Fuller's work at SWIC consists of taking incoming calls, making outgoing calls, and posting phone billings in Microsoft Excel. All of this work could be done (and was in fact done) just as easily from SWIC's Granite City location as it is from Belleville.

25. There exists no business reason for SWIC to have this work performed in Belleville. All of the minimum requirements of the job can be (and were) performed perfectly well from the Granite City location.

26. Allowing Plaintiff to transfer back to Granite City would not create an undue hardship on Defendants, since Plaintiff previously performed all of her work there with no problems.

27. SWIC later stated that Plaintiff could take public transit to its Belleville location, but public transit from Granite City to SWIC's Belleville campus involves 3 different transfers, and would have taken approximately two (2) hours each direction, with Ms. Fuller having to traverse icy conditions on foot in the Winter months. Madison County provides a "door-to-door" ADA transportation option, but it costs $10/day, and requires a 2 hour window for each connection. Going from Granite City to SWIC's Belleville campus requires two different connections—meaning it could have taken Plaintiff four (4) hours to get to work, and four (4) hours to return.

28. SWIC continues to deny Plaintiff an accommodation to this day.

29. Furthermore, both Plaintiff and her daughter, Melanie Phillips ("Phillips"), who also works as a secretary at SWIC's Granite City campus, and who has been actively assisting Plaintiff with her accommodation requests, have been called in to their supervisors' offices for informal disciplinary meetings based on trivial, pretextural matters that no other employees receive discipline for.

30. Phillips has had to adjust her own work schedule in order to transport her mother (Plaintiff) from Granite City to SWIC's Belleville Campus. However, Phillips and Plaintiff do not have the same work hours, which means Phillips needs to take breaks during the middle of the day to drive Plaintiff to the Belleville campus, then drive back to Granite City. These trips take approximately one and one half (1.5) hours round trip.

31. Initially, Phillips' supervisor allowed her to do this, but Phillips is currently being threatened with discipline for continuing to assist in accommodating her mother.

32. Defendants have discriminated against Plaintiff:

    a) because of her disability,

    b) because she was regarded as being disabled, and/or

    c) because of her record of disability.

33. Defendants have also discriminated against Plaintiff because of her age, 78.

34. Ms. Fuller is one of the oldest—if not the oldest—employee at SWIC.

35. Defendants' actions are a transparent and pretextrual attempt to force Plaintiff into retirement without imposing any legal liability on Defendants; however, Defendants' actions, should Plaintiff be forced to retire, would amount to constructive discharge.

36. Defendants have refused to provide a reasonable accommodation for Plaintiff, and

have refused to engage in the interactive process required under the ADA, the Rehabilitation Act, and the IHRA.

37. Defendants have also began a campaign of retaliation against both Plaintiff and her daughter, Phillips, for their opposition to conduct that violates the ADA, the Rehabilitation Act, and the IHRA.

38. Defendants have interfered with Plaintiff's rights in violation of Title V of the ADA.

39. As a direct and proximate consequence of Defendants unlawful and discriminatory treatment of Plaintiff, Ms. Fuller has suffered physical and emotional pain and suffering.

40. Defendants' violations of law are willful and intentional, justifying an award of compensatory damages.

## Count I – Failure to Accommodate
## in Violation of the Americans with Disabilities Act (against all Defendants)

41. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

42. Plaintiff proposed a reasonable accommodation, and Defendants responded by refusing to grant such accommodation, and refusing to further engage in any interactive process with Plaintiff.

43. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

### Count II – Failure to Accommodate
### in Violation of the Rehabilitation Act of 1973 (against all Defendants)

44. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

45. Plaintiff proposed a reasonable accommodation, and Defendants responded by refusing to grant such accommodation, and refusing to further engage in any interactive process with Plaintiff.

46. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

### Count III – Disability Discrimination
### in Violation of the Americans with Disabilities Act (against all Defendants)

47. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

48. Defendants have discriminated against Plaintiff a) because of her disability, b) because she was regarded as being disabled, and/or c) because of her record of disability.

49. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

### Count IV – Disability Discrimination
### in Violation of the Rehabilitation Act of 1973 (against all Defendants)

50. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

51. Defendants have discriminated against Plaintiff a) because of her disability, b) because she was regarded as being disabled, and/or c) because of her record of disability.

52. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of

enjoyment of life.

## Count V – Age Discrimination
## in Violation of the Age Discrimination in Employment Act (against all Defendants)

53. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

54. Defendants transfered Plaintiff to a remote location as a result of her age, seventy-eight (78) as a way to force her to retire.

55. Defendants' transfer of Plaintiff materially altered the terms and conditions of her job, to Plaintiff's detriment.

56. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

## Count VI – Age Discrimination
## in Violation of the IHRA (against all Defendants)

57. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

58. Defendants transfered Plaintiff to a remote location as a result of her age, seventy-eight (78) as a way to force her to retire.

59. Defendants' transfer of Plaintiff materially altered the terms and conditions of her job, to Plaintiff's detriment.

60. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

## Count VII – Failure to Accommodate
## in Violation of the IHRA (against all Defendants)

61. Plaintiff re-alleges and incorporates by reference all of the allegations of

paragraphs 1 through 40 herein.

62. Plaintiff proposed a reasonable accommodation, and Defendants responded by refusing to grant such accommodation, and refusing to further engage in any interactive process with Plaintiff.

63. Defendants' refusal to accommodate Plaintiff violates the provisions of the IHRA, 775 ILCS 5/.

64. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

## Count VIII – Disability Discrimination in Violation of the IHRA (against all Defendants)

65. Plaintiff re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 40 herein.

66. Defendants have discriminated against Plaintiff a) because of her disability, b) because she was regarded as being disabled, and/or c) because of her record of disability.

67. As a result, Plaintiff has suffered emotional distress, humiliation, and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff M. Roberta Fuller prays for Judgment against Defendants for a fair and just award which would reasonably compensate her for compensatory damages. Plaintiff further prays for injunctive relief ordering Defendants to accommodate her disability and to cease age and disability discrimination, for attorney's fees, for costs of this suit, and for all other relief this Court deems just and proper.

**JURY DEMAND**

COMES NOW Plaintiff, by her undersigned attorney, and demands a trial by jury in the above entitled cause of action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 16, 2018
       Belleville, IL

                        Respectfully submitted,
                        Plaintiff M. Roberta Fuller

                        THE LAW OFFICE OF VAN-LEAR P. ECKERT, PC

                        John Stephen Brubaker (#6314685)
                        One South Church Street
                        Suite 500
                        Belleville, IL 62220
                        618-233-8800
                        618-233-8807 (Fax)
                        john.stephen.brubaker@gmail.com

                         /s/John Stephen Brubaker
                        John Stephen Brubaker (#6314685)

                        ATTORNEY FOR PLAINTIFF