IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **M. ROBERTA FULLER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-cv-01123-SMY-SCW |
| | ) | |
| **BELLEVILLE AREA COMMUNITY** | ) | |
| **COLLEGE DISTRICT NO. 522**, | ) | |
| **BOARD OF TRUSTEES OF** | ) | |
| **BELLEVILLE AREA COMMUNITY** | ) | |
| **COLLEGE DISTRICT NO. 522** and | ) | |
| **SOUTHWESTERN ILLINOIS** | ) | |
| **COLLEGE**, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DEFENDANT'S COMBINED MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT THEREOF

Comes now Defendant, **Board of Trustees of Southwestern Illinois College, Community College District No. 522**[1], by and through its attorneys, **Becker, Hoerner, Thompson & Ysursa, P.C.**, and, for its Combined Motion to Dismiss Memorandum in Support Thereof, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and Local Rule 7.1(c), state as follows:

---

[1] Based upon section 3-11 of the Illinois Public Community College Act (110 ILCS 805/3-11), the real party in interest as Defendant in this case is Board of Trustees of Southwestern Illinois College, Community College District No. 522, which was incorrectly named in Plaintiff's Complaint as Belleville Area Community College District No. 522, Board of Trustees of Belleville Area Community College District No. 522 and Southwestern Illinois College. However, this apparent misnomer can be corrected as deemed necessary pursuant to Fed.R.Civ.P. 15(c)(3), and it "is not of practical significance because it is not disputed that the proper defendant is before the court." *Jones v. Centurion Inv. Associates, Inc.,* 268 F. Supp. 2d 1004 (N.D. Ill. 2003).

## INTRODUCTION

Plaintiff's Complaint alleges failure-to-accommodate disability discrimination (Counts I, II and VII), disparate-treatment disability discrimination (Counts III, IV and VIII) and age discrimination (Counts V and VI) arising under: Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §§ 701 *et seq*; the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621-34; and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/.[2]

## ARGUMENT

## I.      Standard for Motion for Dismiss under Federal Rule of Civil Procedure 12(b)(1).

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir.2009); Fed. R. Civ. P. 12(b)(1).  "When reviewing a dismissal for lack of subject matter jurisdiction, we note that a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999). In considering such a motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*  The burden rests on the plaintiff to prove, by a preponderance of the

---

[2] Federal courts may assert supplemental jurisdiction over IHRA claims pursuant to 28 U.S.C. § 1367. *Massenberg v. A & R Sec. Servs., Inc.*, No. 10–CV–7187, 2011 WL 1792735, at *5 (N.D. Ill. May 11, 2011) ("This court finds...that federal courts can exercise supplemental jurisdiction over IHRA claims."); *Carr v. Avon Prods., Inc.*, No. 10–CV–3124, 2011 WL 43033, at *2 (N.D. Ill. Jan. 6, 2011) ("The Court's supplemental jurisdiction is defined by 28 U.S.C. § 1367, not the IHRA....Thus, the Court has supplemental jurisdiction over [the IHRA claims] and, at this point, no reason not to exercise it.").

evidence, that subject-matter jurisdiction exists for plaintiff's claims. See *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir.2003).

## II.      Standard for Motion for Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A claim will only survive dismissal under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5, 127 S.Ct. at 1965.  Thus, in order to survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). For a claim to have facial plausibility, plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## III.     Counts VI, VII and VIII of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under Section 7A-102(A-1) the IHRA (775 ILCS 5/7A-102(A-1)).

Counts VI, VII and VIII of Plaintiff's Complaint are expressly based upon alleged violations of the IHRA.  This Court has generally explained the statutory requirements for exhaustion of administrative remedies as a pre-requisite to filing suit under the IHRA:

"As a preliminary matter, exhaustion of administrative remedies is a prerequisite to suit under the IHRA. *Baizar v. Moy*, No. 15 C 8292, 2016 WL 772861, at *2 (N.D. Ill. Feb. 29, 2016) ("A plaintiff must comply with the IHRA's exhaustion requirement and pursue administrative remedies before bringing an IHRA claim in a civil action."); *see Anderson v. Centers for New Horizons, Inc.,* 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012) (dismissing IHRA claim for failing to exhaust administrative remedies). The administrative remedy procedure for employment discrimination cases, including cases alleging disability discrimination, harassment and retaliation, are set forth in 775 ILCS 5/7A-102. *See* 775 ILCS 5/7A-101 (applying Article 7A procedures to employment discrimination under the IHRA); 775 ILCS 5/2-102(A) (prohibiting employers from setting terms and conditions of employment or discharging on the basis of "unlawful discrimination"); 775 ILCS 5/6-101(A) (prohibiting retaliation against a person for opposing what she reasonably believes is "unlawful discrimination"); 775 ILCS 5/1-103(Q) (defining "unlawful discrimination" to include discrimination because of a disability).

That administrative remedy procedure requires that IHRA claims be initiated with a charge filed with the IDHR, 775 ILCS 5/7A-102(A)., or with the EEOC, in which case the charge will be deemed to have been filed with the IDHR, 775 ILCS 5/7A-102(A-1). The charge must be filed within 180 days of the date of the alleged civil rights violation. 775 ILCS 5/7A-102(A)(1); 775 ILCS 5/7A-102(A-1)(1).

If the EEOC investigates the claim and comes to a decision or terminates its proceedings, it issues the complainant a notice of her right to sue, commonly called a "right to sue letter." 775 ILCS 5/7A-102(A-1)(1)-(3). The complainant must then notify the IDHR of the EEOC's determination/right to sue letter, and the IDHR should issue its own report within 365 days of the EEOC letter. *Id.*; 775 ILCS 5/7A-102(G)(1). With its report, the IDHR will issue its own type of right to sue letter notifying the complainant that within 90 days of receiving the letter she may file a lawsuit or file a complaint with the Illinois Human Rights Commission ("IHRC"). 775 ILCS 5/7A-102(A-1)(1)-(3). The complainant may also file a lawsuit or a complaint with the IHRC if the IDHR does not issue a report within the 365-day period. 775 ILCS 5/7A-102(G)(2).

For charges filed with the IDHR only, the IDHR must issue a report within 365 days of the charge, 775 ILCS 5/7A-102(G)(1), which is reviewed by the IDHR director, 775 ILCS 5/7A-102(D). Generally, the complainant has 90 days from notice of the director's decision to file a lawsuit or file a complaint with the IHRC. 775 ILCS 5/7A-102(C)(4); 775 ILCS 5/7A-102(D)(3)-(4). Again, if the IDHR has not issued a report within 365 days of the charge, the complainant may file a lawsuit or file a complaint with the IHRC within 90 days of the end of the 365-day period. 775 ILCS 5/7A-102(G)(2).

While this general description of the process does not cover all its intricacies, the bottom line is that, in order to bring a lawsuit under the IHRA, the plaintiff must have a final report and right to sue letter from the IDHR or 365 days must have passed without a report since the IDHR received the charge or the EEOC's decision from the complainant. *See Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807 (N.D. Ill. 2013)." *Shofner v. Branding Iron Holdings, Inc.*, 2016 WL 879630, *4 (S.D. Ill. 2016).

In this case, Plaintiff's Complaint expressly acknowledges that Plaintiff has not exhausted her administrative remedies under the IHRA (see Plaintiff's Complaint, Doc. 1, ¶14). The failure to exhaust administrative remedies may properly be raised in a motion for dismiss for lack of subject matter jurisdiction. *See Norris v. Board of Educ. of Greenwood Community Sch. Corp.,* 797 F.Supp. 1452, 1469 (S.D. Ind. 1992)  Accordingly, because this Court lacks subject matter jurisdiction, this Court should dismiss Counts VI, VII and VIII of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV.   Plaintiff's Complaint should be dismissed in entirety for failure to state a *prima facie* case of disability discrimination or age discrimination.

### A.   *Prima facie* case for disability discrimination under the ADA.

The ADA proscribes discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, ... and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).   Under the ADA, two distinct categories of disability discrimination claims exist: "failure to accommodate" and "disparate treatment". *Sieberns v. Wal-Mart Stores, Inc.,* 125 F.3d 1019, 1021-22 (7th Cir. 1997).   In reasonable-accommodation claims, a *prima facie* case mirrors the elements of the statute, which provides that an employer discriminates against a qualified individual with a disability by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ...." 42 U.S.C. § 12112(b)(5)(A).   Accordingly, to state a *prima facie* case of

"failure to accommodate" disability discrimination, a plaintiff must show that: (1) she was or is disabled; (2) the defendant was aware of her disability; (3) she was otherwise qualified for her job, *Bultemeyer v. Fort Wayne Community Sch.,* 100 F.3d 1281, 1284 (7th Cir. 1996); *Beck v. Univ. of Wisconsin Bd. of Regents,* 75 F.3d 1130, 1134 (7th Cir. 1996); and (4) the disability caused the adverse employment action (a factor which is implied if not stated). *See* 42 U.S.C. § 12112(a) (no entity shall discriminate against a qualified individual "because of the disability"). *Foster v. Arthur Anderson, LLP,* 168 F.3d 1029, 1032 (7th Cir.1999) *overruled on other grounds, Serwatka v. Rockwell Automation, Inc.,* 591 F.3d 957, 963 (7th Cir.2010).  Meanwhile, for "disparate treatment" disability discrimination, whether a plaintiff presents direct evidence or proceeds under the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), she must still show all three of the following elements to establish a *prima facie* case of "disparate treatment" disability discrimination: (1) that she is disabled within the meaning of the ADA; (2) that she is qualified to perform the essential functions of her job either with or without reasonable accommodation; and that (3) she suffered from an adverse employment action because of her disability. *Bekker v. Humana Health Plan, Inc*., 229 F.3d 662, 670 (7th Cir.2000).

     B.     <u>*Prima facie* case for disability discrimination under the Rehabilitation Act.</u>

"Courts use the same analysis for claims under the Rehabilitation Act and Title II of the ADA." *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir.2004).

     C.     <u>*Prima facie* case for age discrimination under the ADEA.</u>

The ADEA prohibits an employer from "discharg[ing] any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1) (2003).  To establish a claim under the ADEA, a plaintiff-employee must show that "the protected trait (under the ADEA, age) actually motivated

the employer's decision"-that is, the employee's protected trait must have "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). In other words, "[t]o succeed in an ADEA claim, a plaintiff must establish that he would not have been terminated 'but for' his employer's intentional age-based discrimination." *Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 571 (7th Cir. 1998). Such a claim may be proven through direct evidence of the employer's discriminatory motive, or through the indirect, burden-shifting approach articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[3] Under the *McDonnell Douglas* approach, a plaintiff-employee must first establish a *prima facie* case of discrimination. *Id.* This requires proof of four (4) elements: (1) the employee is a member of the protected class (in an ADEA case, employees over 40 years of age, *see* 29 U.S.C. § 631(a)); (2) the employee was performing at a satisfactory level; (3) the employee was subject to an adverse employment action; and (4) the employee was treated less favorably than younger, similarly situated employees. *Krchnavy,* 294 F.3d at 875.

D.      *Prima facie* case for discrimination under the IHRA.

The IHRA prohibits "unlawful discrimination," which the Illinois courts have interpreted to mean discrimination against an individual on the basis of race, religion, color, ancestry, national origin, age, marital status, sex, or handicap. 775 ILCS 5/1–102; *see also De v. City of*

---

[3] The U.S. Supreme Court, and subsequently the U.S. Court of Appeals for the Seventh Circuit, has assumed that the *McDonnell Douglas* burden-shifting framework applies to age-discrimination cases. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 311, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Adreani v. First Colonial Bankshares Corp.,* 154 F.3d 389, 395 n. 2 (7th Cir.1998).

*Chicago*, 912 F. Supp.2d 709, 730 (N.D. Ill. 2012); *Blount v. Stroud*, 232 Ill.2d 302, 309, 328 Ill.

Dec. 239, 244 (2009); *Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 916, 344 Ill. Dec.

94, 108–09 (1st Dist. 2010). Specifically, the IHRA makes it a civil rights violation "[f]or any

employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion,

renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or

terms, privileges or conditions of employment on the basis of unlawful discrimination." 775

ILCS 5/2–102(A).   The Illinois Supreme Court instructs that in evaluating claims of

discrimination brought under the IHRA, courts should apply the same test employed by federal

courts in evaluating causes of action brought pursuant to Title VII of the Civil Rights Act of

1964, the ADEA, and the ADA. *Zaderaka v. Ill. Human Rights Comm'n*, 131 Ill.2d 172, 178, 137

Ill. Dec. 31, 34 (1989) (internal citations omitted); *Van Campen v. Int'l Bus. Mach. Corp.,* 326

Ill. App. 3d 963, 970, 762 N.E.2d 545, 551 (1st Dist. 2001).

   E.   <u>All Counts of Plaintiff's Complaint fail to state a *prima facie* case of disability
        discrimination or age discrimination because Plaintiff does not allege an adverse
        employment action under applicable law.</u>

   Both Plaintiff's disability discrimination claims and age discrimination claims fail at the

outset because Plaintiff's Complaint does not allege an "adverse employment action" as required

under the foregoing law.   An adverse employment action is one which materially affects the

terms and conditions of employment, such as termination, demotion, decrease in compensation,

material loss of benefits, or significantly diminished responsibilities. *Hilt-Dyson v. City of

Chicago,* 282 F.3d 456,465-66 (7th Cir.2002).   Notably, "[w]hile adverse employment actions

extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an

actionable adverse action." *Nichols v. S. Ill. Univ.-Edwardsville,* 510 F.3d 772, 780 (7th

Cir.2007) (citing *O'Neal v. City of Chicago,* 392 F.3d 909, 911 (7th Cir.2004)).   Rather, it must

be "a tangible employment action," that is, "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits,' or as a 'materially adverse employment action." *Herrnreiter v. Chicago Housing Authority,* 315 F.3d 742, 743-44 (7th Cir.2002) (case citations omitted); see also *Clark County School Dist. v. Breeden,* 532 U.S. 268, 270-71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam); *Allen v. Chicago Transit Authority,* 317 F.3d 696, 701 (7th Cir.2003); *Silk v. City of Chicago,* 194 F.3d 788, 807-08 (7th Cir.1999); *Gu v. Boston Police Dept.,* 312 F.3d 6, 14 (1st Cir.2002).

The only "action" regarding Plaintiff's employment cited in Plaintiff's Complaint is Defendant's transfer of her work location from its Granite City campus to its Belleville campus resulting in a longer commute. (Plaintiff's Complaint, Doc. 1, ¶18).  However, it is well-settled that a transfer of work location, even if it results in a longer commute, is not an adverse employment action.  See *Hill v. American General Finance, Inc.*, 218 F.3d 639, 645 (7th Cir. 2000) ("Not every unwelcome employment action qualifies as an adverse action. Negative reviews, a change in job title, an increased distance to travel to work, or a lateral transfer do not, by themselves, qualify."); *Smart v. Ball State University*, 89 F.3d 437 (7th Cir. 1996) ((noting that in *Spring v. Sheboygan Area School District,* 865 F.2d 883 (7th Cir.1989) the "only negative employment-related consequence of the [plaintiff's] transfer was found to be an increase in the distance [the plaintiff] had to travel to work" and that did not constitute a material adverse employment action); *Porter v. City of Chicago*, 700 F.3d 944 (7th Cir. 2012) (an increased commute is not itself the type of inconvenience that would constitute an adverse employment action); *Griffin v. Potter,* 356 F.3d 824, 829 (7th Cir.2004) (holding that the fact that a transfer "lengthened [the plaintiff's] commute" was merely an inconvenience and was not an adverse

employment action).  Clearly, in the absence of an allegation of an adverse employment action, all Counts of Plaintiff's Complaint fail to state a *prima facie* case of disability discrimination or age discrimination.   Accordingly, Plaintiff's Complaint should be dismissed in entirety for failure to state a cause of action upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

> F.     <u>Counts I, II and VII of Plaintiff's Complaint fail to state a *prima facie* case of failure-to-accommodate disability discrimination because Defendant is not required to provide an accommodation related to Plaintiff's commute to work.</u>

Counts I, II and VII of Plaintiff's Complaint alleges failure-to-accommodate disability discrimination because Defendant did not accommodate her request to be transferred back from Defendant's Belleville campus to its Granite City campus in order to shorten her commute to work.  The United States District Court for the Northern District of Illinois recently reiterated the law in our Seventh Circuit that an accommodation related to an employee's commute is not considered reasonable under the ADA because a reasonable accommodation is only applicable to matters existing within the workplace, not activities outside of the job:

> "[E]mployers are not required to provide accommodations for an employee's commute to work. *See, e.g., Filar v. Chicago Sch. Reform Bd. of Tr,* No. 04 C 4679, 2007 WL 79290, at *6 (N.D.Ill.Jan.5, 2007) ("activities that fall outside the scope of employment, such as commuting to and from a job location [, are] outside the responsibility of the employer under the ADA."), *reversed on other grounds,* 526 F.3d 1054; *Cruz v. Perry,* No. 01 C 5746, 2003 WL 1719995, at *5 (N.D.Ill. Mar. 31, 2003) ("the length of [plaintiff's] commute is the result of her choice to live in the suburbs, rather than the result of any disabling condition."); *Bull v. Coyner,* No. 98 C 7583, 2000 WL 224807, at *7 (N.D.Ill. Feb. 23, 2000) ("Activities that fall outside the scope of the job, like commuting to and from the workplace, are not within the province of an employer's obligation under the ADA.")." *Blickle v. Illinois Department of Children and Family Services*, 2015 A.D. Cases 191,927 (N.D. Ill. 2015).

Similarly, the Illinois Appellate Court has held that, "[w]hile the [IHRA] requires an employer to reasonably accommodate an employee in his or her workplace, it does not require an employer to

accommodate an employee outside the work place or to accommodate what are essentially commuting problems." *Owens v. Department of Human Rights*, 356 Ill. App. 3d 46, 826 N.E.2d 539 (1st Dist. 2005).   Accordingly, because Defendant is not required to provide an accommodation related to Plaintiff's commute to work, Counts I, II and VII of Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a *prima facie* case of failure-to-accommodate disability discrimination.

      G.    <u>Counts I, II and VII of Plaintiff's Complaint fail to state a *prima facie* case of failure-to-accommodate disability discrimination because Defendant is not required to provide an accommodation when Plaintiff is already performing the essential functions of her job without accommodation.</u>

Plaintiff's Complaint expressly alleges that Complainant continues to work as assigned at Defendant's Belleville campus.  The United States Court of Appeals for the Seventh Circuit has explained that the ADA does not require an employer to provide an accommodation sought by an employee who is already able to perform the essential job functions without it:

> "The ADA is designed to prohibit discrimination against employees whose disabilities have no bearing on their ability to perform a given job, but also to ensure employment opportunities for "disabled persons who are otherwise qualified for a job, but as a result of a disability are unable [to] perform the job's essential functions without reasonable accommodations." *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 862 (7th Cir.2005) (emphasis omitted); *see also* 42 U.S.C. §§ 12111(8), 12112(b)(5)(A). The ADA accomplishes the latter goal by providing that an employer engages in unlawful disability discrimination when it fails to provide reasonable accommodations for "the known physical or mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A). But it is important to recognize that the statute requires reasonable accommodation *only* in this situation. Whereas the ADA's other anti-discrimination provisions protect *all* qualified individuals, the reasonable-accommodation requirement applies only to the known physical or mental limitations of *otherwise* qualified individuals.
>
> We have not specifically addressed the term "otherwise qualified individual" as it appears in the reasonable-accommodation provision. However, the meaning of the term can be extrapolated from our two-part test for determining whether an individual is "qualified" within the meaning of the ADA, *see Hammel,* 407 F.3d at 862, a test that tracks the applicable regulations, 29 C.F.R. § 1630.2(m); *see*

*also id.* pt. 1630, app. at 1630.2(m) (explaining that "[t]he determination of whether an individual with a disability is 'qualified' should be made in two steps"). First, the individual must meet the employer's "legitimate selection criteri[a]." *Hammel,* 407 F.3d at 862. This means that the individual must be qualified on paper by, for example, possessing "the requisite skill, experience, education and other job-related requirements of the employment position" at issue. 29 C.F.R. § 1630.2(m). Second, the individual must be "capable of performing the job's 'essential functions' with or without reasonable accommodation from an employer." *Hammel,* 407 F.3d at 862. This second part of the test encompasses two categories of paper-qualified individuals with disabilities: those who are able to perform the essential functions of the job even without reasonable accommodation, and those who could do so if the employer were to make an accommodation for their physical or mental limitations. Since members of the first category are qualified for the position in *every* relevant respect, only the members of the latter category are individuals who have "physical or mental limitations" but are *"otherwise* qualified" for the position. 42 U.S.C. § 12112(b)(5)(A) (emphasis added). Thus, an employer's accommodation duty is triggered only in situations where an individual who is qualified on paper requires an accommodation in order to be able to perform the essential functions of the job. *See id.* §§ 12111(8), 12112(b)(5)(A); *Hammel,* 407 F.3d at 862.

It follows that an employer need not accommodate a disability that is irrelevant to an employee's ability to perform the essential functions of her job—not because such an accommodation might be unreasonable, but because the employee is fully qualified for the job without accommodation and therefore is not entitled to an accommodation in the first place. *See Hedberg v. Ind. Bell Tel. Co.,* 47 F.3d 928, 934 (7th Cir.1995) ("If the disability affects the employee's work ability, the employer must then consider if a 'reasonable accommodation' can be made."); *Vande Zande v. Wis. Dep't of Admin.,* 44 F.3d 538, 542 (7th Cir.1995) ("To 'accommodate' a disability is to make some change that will enable the disabled person to work."); *see also U.S. Airways v. Barnett,* 535 U.S. 391, 397, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002) ("The [ADA] requires preferences in the form of 'reasonable accommodations' that are needed for those with disabilities to obtain the same *workplace opportunities* that those without disabilities automatically enjoy." (emphasis altered)). A disabled employee who is capable of performing the essential functions of a job in spite of her physical or mental limitations is qualified for the job, and the ADA prevents the employer from discriminating against her on the basis of her irrelevant disability. But since the employee's limitations do not affect her ability to perform those essential functions, the employer's duty to accommodate is not implicated. *Cf. Hoffman v. Caterpillar, Inc.,* 256 F.3d 568, 577 (7th Cir.2001) ( "[N]othing in the [ADA] requires an employer to accommodate the employee so that she may perform any nonessential function [of the job at issue] that she chooses.")." *Brumfield v. City of Chicago*, 735 F.3d 619, 632-33 (7th Cir. 2013).

Again, Complainant does not even allege that she can no longer perform the essential job functions of her assignment without the accommodation sought; she actually acknowledges that she remains so employed and fully performing those functions without such accommodation. Therefore, any alleged duty to accommodate is not implicated.  Accordingly, because Defendant is not required to provide an accommodation when Plaintiff is already performing the essential functions of her job without accommodation, Counts I, II and VII of Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a *prima facie* case of failure-to-accommodate disability discrimination.

## CONCLUSION

For the foregoing reasons, Defendant, **Board of Trustees of Southwestern Illinois College, Community College District No. 522**, respectfully request that this Court grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and order such other relief as this Court deems just and proper.

**BECKER, HOERNER, THOMPSON & YSURSA, P.C.**


By:    s/ *Garrett P. Hoerner*
      **Garrett P. Hoerner**
      No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, IL 62226
(618) 235-0020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **M. ROBERTA FULLER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-cv-01123-SMY-SCW |
| | ) | |
| **BELLEVILLE AREA COMMUNITY** | ) | |
| **COLLEGE DISTRICT NO. 522**, | ) | |
| **BOARD OF TRUSTEES OF** | ) | |
| **BELLEVILLE AREA COMMUNITY** | ) | |
| **COLLEGE DISTRICT NO. 522** and | ) | |
| **SOUTHWESTERN ILLINOIS** | ) | |
| **COLLEGE**, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June, 2018, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will electronically provide a copy of same to the following attorneys of record:

John Stephen Brubaker
The Law Offices of Van-Lear P. Eckert, P.C.
One South Church Street, Suite 500
Belleville, Illinois 62220
john.stephen.brubaker@gmail.com

**BECKER, HOERNER, THOMPSON & YSURSA, P.C.**

By:___ s/ *Garrett P. Hoerner*_____
**Garrett P. Hoerner**
No. 06243119